The Honorable Mark Pryor State Representative 2200 Worthen Bank Building 200 West Capitol Avenue Little Rock, Arkansas 72201-3699
Dear Representative Pryor:
This is in response to your request for an opinion concerning whether a federal retiree's "survivorship benefit protection" should be deducted from gross income to calculate Arkansas state income tax liability.
You have attached a letter from Mr. Jim Pledger, Director of the Department of Finance and Administration, to a particular taxpayer, and that letter, in turn, refers to an administrative decision of the Office of Hearings and Appeals of the Revenue Division of the Department of Finance and Administration. That decision, rendered by an administrative law judge, holds that the "survivorship benefit protection" is not deductible under Arkansas law when computing Arkansas income tax liability.
We must regard this determination as controlling. It appears that the administrative law judge has spoken on this issue, and in doing so has exercised his power and duty to interpret the law as enacted by the General Assembly. I am not in a position to question the propriety of this quasi-judicial action. Where questions exist surrounding the propriety of quasi-judicial actions that have been taken in relation to particular matters, I believe that the remedies available within the judicial forum are more appropriate than the issuance of an opinion from my office, which, under the circumstances, would in essence amount to no more than an executive comment on a quasi-judicial ruling. Nothing short of a final decision by appropriate court can resolve this issue.
In addition, A.C.A. § 26-18-101 et seq., the "Arkansas Tax Procedure Act", provides that "[a] taxpayer may seek relief from the final decision of the hearing officer or the director on a final assessment of tax deficiency by following the procedure in § 26-18-406. See A.C.A. § 26-18-405(e). That section provides for the filing of an action in chancery court. § 26-18-406 (b). It also provides at § 26-18-406(d) that "[t]he method provided in this section is the exclusive method for seeking relief from a written decision of the director".
It thus appears that the taxpayer's remedy in this instance lies with the courts.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb